In the

# United States Court of Appeals
## For the Seventh Circuit

———————

No. 07-2981

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

MARVIN D. CLEMENTS, ALSO KNOWN AS MARVIN D. HERRON, ALSO KNOWN AS MARVIN D. CLEMENTS-HERRON,

*Defendant-Appellant.*

———————

Appeal from the United States District Court
for the Eastern District of Wisconsin.
No. 06 CR 9—**Lynn Adelman**, *Judge*.

———————

ARGUED FEBRUARY 20, 2008—DECIDED APRIL 14, 2008

———————

Before EASTERBROOK, *Chief Judge*, BAUER, and WOOD, *Circuit Judges*.

BAUER, *Circuit Judge*. Defendant-Appellant Marvin D. Clements was convicted of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), after Milwaukee police officers discovered him sitting in a car with a gun. On appeal, Clements argues (1) that his encounter with the arresting officers constituted an illegal seizure in violation of his Fourth Amendment rights; and (2) that the district court judge violated

his due process rights by failing to *sua sponte* order a competency hearing during trial. For the following reasons, we affirm.

## I. Background

On November 4, 2005, at approximately 10:40 p.m., City of Milwaukee police received an anonymous call reporting that a suspicious person had been, and was sitting in a white Oldsmobile with the motor running in front of the caller's house for over four hours. Two officers responded to the call, drove up to the scene, and parked their squad car approximately fifteen to twenty feet behind the white Oldsmobile at the address the caller provided. The officers shined a spotlight on the Oldsmobile and activated their flashing red and blue lights. Clements, the sole occupant of the Oldsmobile, was sitting in the driver's seat.

As the officers approached, Clements turned toward the driver's side window and raised a folded four-inch knife. The officers backed away and ordered Clements to drop the knife and get out of the car. Clements complied, but as he got out of the car, a loaded .22 caliber rifle magazine fell from his lap to the ground. The magazine contained ten cartridges of .22 caliber long rifle ammunition.

The officers conducted a pat-down search of Clements and escorted him to their squad car to ensure their safety. One of the officers then returned to the white Oldsmobile to check for any contraband or weapons. The officers found a .22 caliber long rifle ammunition box with four spent casings and two loaded cartridges in the

center console and a .22 caliber long barrel rifle lying across the rear floorboard of the car.

On January 18, 2006, a grand jury indicted Clements for illegally possessing a firearm as a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). On January 10, 2007, Clements's trial attorney, Ann T. Bowe, filed a motion for competency evaluation, which the district court granted. On March 27, 2007, the district court received a forensic report from a licensed clinical psychologist who concluded that Clements exhibited behavior consistent with Antisocial Personality Disorder, but that he was competent to stand trial. Clements did not challenge that report, and on March 30, 2007, the district court found Clements competent to stand trial.

On May 14, 2007, a trial commenced, and on that same day, the jury returned a guilty verdict. On August 3, 2007, the district court sentenced Clements to 48 months' imprisonment.

During his trial and sentencing hearing, Clements repeatedly interrupted the lawyers and the judge with questions and comments. Despite being superfluous and inarticulate, Clements's interjections pertained to what was being discussed at that point in the proceedings or had to do with issues that he perceived to be unresolved. At one point during the sentencing hearing, Clements blamed his life hardships on being born on February 29th, leap day, but later acknowledged the absurdity of such a statement and conceded, "I don't know what the leap year thing is about here." Clements then continued to ramble on in his attempts to gain leniency from the sentencing judge, pointing to factors such as rehabilitation, his children, the environment in which he grew up, the evidence presented at trial, and a somewhat distorted acceptance of the federal prison sentence that awaited him.

## II. Discussion

On appeal, Clements makes two arguments. First, he argues that the arresting officers' encounter with him constituted a seizure under the Fourth Amendment, and was unsupported by a reasonable suspicion that he was engaged in any criminal activity. Second, Clements asserts that the district court judge violated his due process rights by failing to order a competency hearing *sua sponte* in light of his outbursts throughout the proceedings, and that the error warrants a new trial. We address each issue in turn.

### A. Fourth Amendment Issue

Clements contends that the officers had no reason to suspect that Clements was engaged in any criminal activity in the Oldsmobile, and that they effectively seized him when they parked behind him, turned on their lights, and approached the Oldsmobile. It logically follows that Clements's position is that the evidence obtained from the encounter, namely the gun, was improperly seized and admitted into evidence. However, Clements never raised this argument before the district court.

"Waiver occurs when a criminal defendant intentionally relinquishes a known right." *United States v. Brodie*, 507 F.3d 527, 530 (7th Cir. 2007) (quoting *United States v. Haddad*, 462 F.3d 783, 793 (7th Cir. 2006)). "Forfeiture occurs when a defendant negligently fails to assert a right in a timely fashion." *Id.* While waiver extinguishes any error and precludes appellate review, forfeiture of a right warrants plain error review. *Id.*; *see Haddad*, 462 F.3d at 793; *United States v. Staples*, 202 F.3d 992, 995 (7th

Cir. 2000). A criminal defendant who does not move to suppress evidence before trial waives the suppression argument, unless he can show "good cause" for not challenging the evidence at the district court. *See* Fed. R. Crim. P. 12(b) and (e); *see also United States v. Hargrove*, 508 F.3d 445, 450 (7th Cir. 2007); *Brodie*, 507 F.3d at 530.

Clements argues that he failed to raise the Fourth Amendment argument at the district court before trial because his trial attorney was assigned to the case only eight days prior to trial. According to Clements, his trial counsel negligently failed to make any pretrial motions because of a lack of time to prepare.

This argument is factually incorrect and does not amount to "good cause" as required by Rule 12(e) for relief from waiver. The record shows that Ann T. Bowe, Clements's trial counsel, was appointed on March 8, 2006, more than fourteen months before trial. Ms. Bowe filed motions with the district court on Clements's behalf, including a motion to determine competency and a motion for bail review. It can hardly be said that Ms. Bowe had inadequate time to prepare for trial.

Moreover, Clements certainly knew that the government intended to use the evidence obtained from the police encounter against him at trial; without it there would have been no case. Even if Ms. Bowe had been rushed in her trial preparation, she did not request a continuance or otherwise indicate that she was ill-prepared. It is probable that she did not file any evidentiary motions because she did not believe any to be appropriate or potentially successful. *See United States v. Goudy*, 792 F.2d 664, 672 (7th Cir. 1986) (holding that counsel's failure to file pretrial motions or to visit client in prison does not indicate a lack of adequate preparation for trial).

Clements has failed to establish good cause for relief from waiver.

Even if we considered Clements's failure to seek suppression of the gun before trial as a forfeiture, and not waiver, Clements still has not convinced us that the district court plainly erred in admitting the evidence. The Fourth Amendment only prevents police from seizing a person without a reasonable suspicion of criminal activity. *See United States v. Scheets*, 188 F.3d 829, 836 (7th Cir. 1999); *Lanigan v. Village of East Hazel Crest*, 110 F.3d 467, 473 (7th Cir. 1997); *United States v. Rodriguez*, 69 F.3d 136, 141 (7th Cir. 1995). A consensual encounter between an officer and a private citizen does not trigger the Fourth Amendment. *See United States v. Hendricks*, 319 F.3d 993, 999-1000 (7th Cir. 2003) (explaining that where a driver stops his car on his own and no other coercive activity occurs, the result is a consensual encounter); *United States v. Green*, 111 F.3d 515, 520 n.1 (7th Cir. 1997) (same). A consensual encounter becomes a seizure when a reasonable person in those circumstances would not feel free to leave. *See Brendlin v. California*, ___ U.S. ___, 127 S.Ct. 2400, 2405-06 (2007); *Hendricks*, 319 F.3d at 1000. Circumstances that might indicate a seizure include the threatening presence of several officers, display of their weapons, physical touching of the private citizen, use of forceful language or tone of voice (indicating that compliance with the officers' request might be compelled), and the location in which the encounter takes place. *United States v. Mendenhall*, 446 U.S. 544, 554 (1980); *Scheets*, 188 F.3d at 836-37.

The police encounter in this case was not a seizure for Fourth Amendment purposes. Clements had voluntarily stopped his car; he did not stop because of the flashing

police lights. Likewise, Clements was not seized when the officers approached his car. The officers approached the car to investigate why the car had been parked and running on a public street for four hours, a circumstance unusual enough to at least merit some investigation. The officers illuminated their flashing lights to alert the car's occupants that they were going to approach the vehicle. Without identifying themselves appropriately to the car's occupants, the officers would have put themselves at risk in approaching a parked car late at night. Other than illuminating their flashing lights for identification and safety purposes, the officers did nothing that could have made Clements feel that his freedom was restrained: they did not draw their weapons, they did not surround Clements's car with multiple squad cars or officers or otherwise prevent him from driving away, they did not lay a hand on Clements, and they did not use forceful language or tone of voice until after the officers felt threatened by Clements's gesture with the knife. Up to this point, the circumstances could not have caused a reasonable person to feel restrained.

The officers' observation of Clements following the initial contact quickly gave the officers a reason to seize Clements. Clements gestured with the knife in the direction of the officers, which reasonably made the officers feel threatened. *United States v. Evans*, 994 F.2d 317, 320 (7th Cir. 1993) (noting that the Fourth Amendment only precludes unreasonable seizures). The officers appropriately ordered Clements to drop the knife and get out of the car, during which a rifle magazine fell from his lap, again providing suspicion of criminal activity. Therefore, the district court did not err plainly or otherwise by admitting the evidence obtained during this police encounter.

**B.   Competency Issue**

Clements also argues that the district court erred by not *sua sponte* ordering a competency hearing based on Clements's trial conduct. Clements acknowledges that he was found competent six weeks before trial based on the psychologist's report. Nevertheless, he asserts that his disruptive conduct at trial provided reasonable cause for the district court to believe he was mentally incompetent to stand trial.

A court may, on its own motion, order a hearing on the competency of a defendant "if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(a); *United States v. Savage*, 505 F.3d 754, 758 (7th Cir. 2007); *see Pate v. Robinson*, 383 U.S. 375, 385 (1966) (holding that a judge must provide a competency hearing on his own motion if the evidence raises a bona fide doubt as to the defendant's competence to stand trial). The district court is in the best position to determine the need for a competency hearing. *Savage*, 505 F.3d at 760. We review the district court's decision not to order a competency hearing during trial for abuse of discretion. *United States v. Andrews*, 469 F.3d 1113, 1121 (7th Cir. 2006); *United States v. Wilbourn*, 336 F.3d 558, 559 (7th Cir. 2003).

Despite his disruptive interjections throughout the trial and at his sentencing hearing, Clements's conduct did not suggest that he did not understand the proceedings against him or that he was unable to assist with his own defense. Six weeks prior to trial, a licensed clinical psychologist concluded that Clements appeared to experience

symptoms of Antisocial Personality Disorder, but was competent to stand trial. Neither Clements nor the government challenged that report. Clements has not provided us with a single example of his conduct that would suggest incompetence; instead, Clements has focused his argument on the statements made by Clements's trial counsel, the prosecutor, and the judge at sentencing, which do nothing more than acknowledge that Clements exhibited behavior consistent with Antisocial Personality Disorder. *See Savage*, 505 F.3d at 759 ("The mere fact that a criminal defendant has a personality disorder does not prevent the defendant from appreciating the proceedings or assisting in his defense.") (citing *United States v. Teague*, 956 F.2d 1427, 1432 (7th Cir. 1992)). Clements's attorney did not seek an additional competency evaluation once the trial was underway, nor did any party suggest that Clements did not understand the proceedings or was unable to assist counsel with his defense. *See Savage*, 505 F.3d at 760 ("Significant weight is given to counsel's representations concerning his client's competence and counsel's failure to raise the competency issue."); *see, e.g.*, *United States v. Ewing*, 494 F.3d 607, 623 (7th Cir. 2007).

Furthermore, the trial transcript is devoid of evidence of "irrational" behavior. While Clements was at times disruptive, his objections, questions, and suggestions were generally pertinent to the issues being addressed, indicating that Clements was fully attentive to the proceedings and readily offered suggestions and opinions about the evidence and his defense. Clements also testified on his own behalf and demonstrated an ability to understand and answer questions logically and coherently. Clements's behavior at trial does not suggest incompe-

tence; it was merely Clements's attempts to interject his own view of the issues and generally frustrate the progress of the trial. *See Savage*, 505 F.3d at 759. The district court's decision not to order a competency hearing during trial was correct.

### III.  Conclusion

For the reasons stated above, we affirm.