NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 30, 2011[*]
Decided March 30, 2011

**Before**

WILLIAM J. BAUER, *Circuit Judge*

RICHARD A. POSNER, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

Nos. 10-3089 & 10-3128

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeals from the United States District Court for the Western District of Wisconsin. |
| *v.* | No. 10-CR-87-WMC |
| TIRAN JENKINS and ROBIN BRANT, *Defendants-Appellants*. | William M. Conley, *Chief Judge*. |

**O R D E R**

Tiran Jenkins and his fiancée, Robin Brant, stole $48,000 from a Wisconsin bank. During the robbery, Jenkins threatened and pistol-whipped a teller with a loaded gun, knocking her to the ground. Meanwhile, Brant, carrying a toy handgun, restrained other bank employees with plastic zip ties. The couple fled the scene but didn't get far. A dye pack exploded as soon as they reached their car, so they abandoned the vehicle and ran to a nearby golf course, where they were found by police.

_____

[*] After examining the briefs and records, we have concluded that oral argument is unnecessary. Thus, these appeals are submitted on the briefs and records. *See* FED. R. APP. P. 34(a)(2)(C).

Jenkins and Brant both pleaded guilty to armed bank robbery, 18 U.S.C. § 2113(a), (d), and brandishing a firearm during a crime of violence, *id.* § 924(c)(1)(A)(ii). Jenkins additionally pleaded guilty to possession of a firearm by a felon, *id.* § 922(g)(1). Jenkins, an armed career criminal under 18 U.S.C. § 924(e) and a career offender under U.S.S.G. § 4B1.1, was sentenced to a total of 180 months for the robbery and violation of § 922(g)(1), plus a consecutive term of 84 months for brandishing the gun. Brant was sentenced below the guidelines range for the robbery to 36 months' imprisonment and to a mandatory consecutive term of 84 months for brandishing the firearm, for a total of 120 months. In these consolidated appeals, Jenkins challenges his classification as an armed career criminal and career offender. Newly appointed counsel for Brant has moved to withdraw on the ground that her appeal is frivolous. *See Anders v. California*, 386 U.S. 738 (1967). Brant has not responded to counsel's submission. *See* CIR. R. 51(b).

In regard to Jenkins, he first contends that his prior Wisconsin conviction for vehicular fleeing, *see* WIS. STAT. § 346.04(3), should not count as a violent felony under the Armed Career Criminal Act or as a crime of violence under the career offender guideline. This argument, however, is foreclosed by our decision in *United States v. Dismuke*, 593 F.3d 582, 596 (7th Cir. 2010), which holds that a conviction under § 346.04(3) qualifies as a violent felony. Jenkins does not present a compelling reason to revisit that decision.

Jenkins also contends that the district court should not have sentenced him as a career offender because his indictment does not mention his prior offenses. He concedes that *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), holds that this step is not required, but argues that the Supreme Court has called that case into doubt, *see Shepard v. United States*, 544 U.S. 13, 27-28 (2005) (Thomas, J., concurring in part and concurring in the judgment), so we should not adhere to its holding. But Jenkins's argument is frivolous. As we have said, we are powerless to overrule *Almendarez-Torres*. *See United States v. Loera*, 565 F.3d 406, 412 (7th Cir. 2009); *United States v. Stevens*, 453 F.3d 963, 967 (7th Cir. 2006).

In regard to Brant, she does not want her guilty pleas set aside, so counsel properly forgoes discussion about the voluntariness of the pleas or the district court's compliance with Federal Rule of Criminal Procedure 11. *See United States v. Knox*, 287 F.3d 667, 670-71 (7th Cir. 2002). We limit our review to the potential issues identified in counsel's facially adequate brief. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Counsel questions whether Brant could argue, based upon a psychological evaluation submitted at sentencing, that the district court should have concluded that she was not competent to be sentenced. But since her competency was never questioned in the district court, Brant would have to identify facts in the record that positively create a legitimate doubt about her ability to appreciate the sentencing proceedings or to assist in

her defense. *See United States v. Savage*, 505 F.3d 754, 758 (7th Cir. 2007); *United States v. Fernandez*, 388 F.3d 1199, 1250-51 (9th Cir. 2004); *Foster v. Ward*, 182 F.3d 1177, 1191 (10th Cir. 1999). She could not meet that burden, especially given the "significant weight" attached to former counsel's failure to raise the competency issue in the district court. *See Savage*, 505 F.3d at 760. Although the psychologist diagnosed Brant with post-traumatic stress disorder, she also concluded that there was "no indication of major mental illness." Moreover, nothing in the record demonstrates that Brant's disorder prevented her from understanding the sentencing proceeding or interfered with her ability to consult with her attorney. *See United States v. Clements*, 522 F.3d 790, 795-96 (7th Cir. 2008); *Savage*, 505 F.3d at 759.

Counsel also addresses whether Brant could challenge her prison term for the bank robbery as unreasonably high. The term is 27 months below the low end of the properly calculated imprisonment range, and thus is presumptively reasonable. *See United States v. Curb*, 626 F.3d 921, 927 (7th Cir. 2010); *United States v. Jackson*, 598 F.3d 340, 345 (7th Cir.), *cert. denied*, 131 S. Ct. 435 (2010). Counsel has not identified any basis to set aside that presumption, nor have we. Looking to 18 U.S.C. § 3553(a), the district court acknowledged that Brant had endured a "horrendous" life, "having been abused by relatives and by a teacher," and that there was little evidence that she was a violent person, but also noted that her "participation in the robbery was not a spur of the moment act" and showed "a disregard for law and for others." We thus agree with counsel that a reasonableness challenge would be frivolous.

Accordingly, we AFFIRM the judgment in case no. 10-3089, and we GRANT the motion by Brant's attorney to withdraw and DISMISS case no. 10-3128.