In the

# United States Court of Appeals

## For the Seventh Circuit

No. 10-2465

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

GREGORY G. ELLER,

*Defendant-Appellant,*

Appeal from the United States District Court
for the Northern District of Indiana, South Bend Division.
No. 3:09-cr-00097-RLM-1—**Robert L. Miller, Jr.,** *Judge.*

ARGUED SEPTEMBER 12, 2011—DECIDED FEBRUARY 3, 2012

Before BAUER, ROVNER and WILLIAMS, *Circuit Judges.*

BAUER, *Circuit Judge.* On August 13, 2009, Gregory G. Eller was indicted for one count of manufacturing marijuana in violation of 21 U.S.C. § 841(a)(1), one count of possession of a firearm in furtherance of a drug-trafficking crime in violation of 18 U.S.C. § 924(c), and one count of possession of a firearm by an unlawful user of a controlled substance in violation of 18 U.S.C. § 922(g)(3). Eller pleaded guilty to the first and third

counts, and not guilty to the second count. A jury convicted Eller on the second count and the court sentenced him to 60 months in prison, to be served consecutively to his sentences for counts 1 and 3, followed by three years of supervised release, and a $300 special assessment. This appeal followed. We affirm.

## I.  BACKGROUND

On June 3, 2009, an investigation into a marijuana grow operation led police officers to the home of Gregory G. Eller, a resident of South Bend, Indiana. When they searched the house they discovered a reenforced steel door leading to Eller's basement where they found 16 drying marijuana plants, 30 live marijuana plants, a scale, a copy of "The Cannabis Breeder's Bible," equipment for hydroponics growing, notes on paper resembling a ledger, and a safe. On the first floor of the house the officers found over a pound of processed marijuana in bags and a fully loaded .40-caliber Sig Sauer semi-automatic pistol under the couch in the living room, just a few feet from the front door to the house. Eller, his adult brother William, and Eller's son (age 9) and nephew (age 8) had all spent the previous night in the home.

Eller's trial on Count 2 began on February 23, 2010, and he argued that he purchased his semi-automatic pistol as a cautionary response to increasing violence in the neighborhood. Though he admitted manufacturing and selling drugs, Eller maintained the firearm was not purchased to protect his marijuana grow operation or the profits it yielded.

The next day the jury returned a guilty verdict and on June 10, 2010, Eller was sentenced to thirteen months in prison on each of Counts 1 and 3, to be served concurrently, and sixty months in prison on Count 2 to be served consecutively to the terms imposed on Counts 1 and 3, followed by three years of supervised release, and a $300 special assessment. Eller filed a timely appeal of his conviction on Count 2.

## II.  DISCUSSION

### A.  The 18 U.S.C. § 924(c) Void-for-Vagueness Claim

The appellant argues that his conviction on Count 2 in violation of 18 U.S.C. § 924(c) should be reversed because the statute is unconstitutionally vague as applied. Eller argues that "he did not have a reasonable opportunity to know he possessed his gun in furtherance of a drug trafficking crime," that application of the statute would "encourage its arbitrary enforcement," and that the "rule of lenity requires [his] conviction be reversed." Because the appellant did not challenge the constitutionality of § 924(c) in the district court, we review for plain error and will only reverse if: (1) there was error; (2) the error was clear or obvious; and (3) the error affected the defendant's substantial rights. *United States v. Cusimano*, 148 F.3d 824, 828 (7th Cir. 1998).

Title 18 of the United States Code § 924(c) states:

   [A]ny person who, during and in relation to any crime of violence or drug trafficking crime (including

a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime—

> (i) be sentenced to a term of imprisonment of not less than 5 years;

> (ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; and

if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.

18 U.S.C. § 924 (2006).

A statute is unconstitutionally vague if it (1) does not provide a person of ordinary intelligence a reasonable opportunity to know what is prohibited, or (2) fails to provide explicit standards to prevent arbitrary and discriminatory enforcement by those enforcing the statute. *United States v. Plummer*, 581 F.3d 484, 488 (7th Cir. 2009) (citing *United States v. Lim*, 444 F.3d 910, 915 (7th Cir. 2006)).

Section 924(c) distinguishes between: (1) using or carrying a firearm "during and in relation to a drug trafficking crime" and (2) possessing a firearm "in furtherance of" a drug-trafficking crime. The appellant highlights this distinction, in addition to the statute's "failure to specify any intent requirement," as evidence

of vagueness and ambiguity and argues that the phrasing invites problems, particularly with regard to notice and enforcement standards.

The appellant contends that the "in furtherance of" nexus between the drugs and the firearm requires a greater level of participation than proving the "during and in relation to" prong. Eller argues that in order to prove the former, the Government must show the gun was more than merely available, that it actually advanced the drug-trafficking operation. Numerous circuits have interpreted the meaning of § 924(c) and determined that its terms are unambiguous and "[invite] uniform enforcement." These courts have rejected § 924(c) void-for-vagueness challenges. *United States v. Hungerford*, 465 F.3d 1113, 1118 (9th Cir. 2006) (citing *United States v. Angelos*, 433 F.3d 738, 754 (10th Cir. 2006), *United States v. Camps*, 32 F.3d 102, 109 (4th Cir. 1994)). Additionally, as this Court stated in *United States v. Mitten*, a possessed gun can forward a drug-trafficking offense by providing the dealer, his stash, or his territory with protection. *United States v. Mitten*, 592 F.3d 767, 777 (7th Cir. 2010). We also find § 924(c) to be clear and intelligible and we reject the challenge to its validity.

### B.  The Insufficiency of the Evidence Claim

Eller insists that the prosecution failed to adduce sufficient evidence to prove him guilty beyond a reasonable doubt because it failed to satisfy the "in furtherance of" nexus of 18 U.S.C. § 924(c). We review sufficiency of evidence challenges in the light most favorable to the

prosecution and will only reverse if we determine that no reasonable finder of fact could find the defendant guilty beyond a reasonable doubt. *United States v. Dinga*, 609 F.3d 904, 907 (7th Cir. 2010). Additionally, Federal Rule of Criminal Procedure 29 states that any defendant wishing to challenge evidence sufficiency must move for judgment of acquittal at the close of evidence or within seven days of the verdict. Fed. R. Civ. P. 29. There is no indication in the record that the appellant ever made such a motion. Accordingly, this Court will only reverse if it finds a manifest miscarriage of justice under the plain error standard of review. *Id*.

The "in furtherance of" element of § 924(c) requires that the weapon further, advance, move forward, promote or facilitate the drug-trafficking crime, and that the possessed gun further a drug-trafficking offense by providing the dealer, his stash, or his territory with protection. *United States v. Huddleston*, 593 F.3d 596, 602 (7th Cir. 2010). The appellant correctly argues that the mere presence of a firearm in a home or location where drugs are sold is not itself sufficient to prove the "in furtherance of" prong of the statute and that there must be some nexus or connection between the firearm and the drug-selling operation.

In determining whether a nexus exists, this Court applies basic common sense and considers particular factors as set forth in *United States v. Seymour*. The *Seymour* factors include: (1) the type of drug activity that is being conducted; (2) accessibility of the firearm; (3) the type of weapon possessed; (4) whether the weapon is stolen;

(5) the status of the possession (legitimate or illegal); (6) whether the gun is loaded; (7) proximity to drugs or drug profits; and (8) the time and circumstances under which the gun is found. *United States v. Seymour*, 519 F.3d 700, 715 (7th Cir. 2008).

At trial, the prosecution presented evidence to the jury that Eller built and ran a marijuana grow operation from his home, valued in the thousands of dollars, and that the operation was protected by a reenforced steel door. By Eller's own admission he sold the marijuana he grew; that he was a drug user; that he kept a fully loaded, .40-caliber Sig Sauer semi-automatic pistol just a few feet from his front door; that two children, ages 8 and 9, were present in the home when the police discovered the drugs and firearm; that drug traffickers are often subject to home invasion and robbery due to the value of their equipment and stash of drugs; and that over 80% of the time, marijuana grow operators in Indiana are found with firearms. Moreover, the Government also established that the appellant's loaded semi-automatic weapon was not locked up, nor was it on display as a collector's item or used for sporting purposes—all further indicia for the jury to believe Eller possessed his firearm in an attempt to fortify and protect his product and proceeds.

Our analysis considers the above facts in conjunction with the *Seymour* factors, and in addition to all other relevant facts presented at trial. At sentencing, the trial court acknowledged that Eller's marijuana sales and distribution were modest when compared with a

wholesale drug enterprise, and this was undoubtedly part of the reason that the appellant received the minimum sentence on Count 2. But the modest scale of the drug operation does not itself negate the illegality of possessing a firearm in furtherance of a drug-trafficking operation, nor does it provide reasonable doubt with respect to his motives for possessing a weapon in the first place. Upon consideration of the facts presented to the jury, this Court can confidently conclude that the Government adduced sufficient evidence for a reasonable finder of fact to convict Eller.

### C.  The Impermissible Expert Testimony Claim

The appellant argues that the district court committed plain error when it permitted the Government to present the testimony of special agent Laurie Jolley, a law enforcement agent with extensive experience working on drug-related cases. Eller's trial counsel did not challenge the admissibility of the testimony at the time of trial and we review this issue under the plain error standard. Again, an appellant must show that an error occurred, that the error was clear and obvious, and that the error affected the outcome of the district court proceedings. Fed. R. Crim. P. 52(b); *United States v. Johnson*, 624 F.3d 815, 819 (7th Cir. 2010).

Special agent Jolley, who had extensive experience working on drug cases, both as a narcotics officer and an ATF agent, provided expert testimony for the prosecution. Jolley had specialized training in firearms and drug trafficking and she testified that drug traffickers

often possess firearms as part of their business operations in order to protect large sums of cash and inventory. Jolley spoke generally of the factors she considers when determining whether a firearm is used in connection with a drug operation and she ultimately testified that based on her experience and opinion, the loaded firearm found in Eller's home "was there to protect a marijuana grow operation."

In response, the appellant now directs our attention to Federal Rule of Evidence 704 which governs the admissibility of testimony offered by expert witnesses. Rule 704(a) states that "testimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact." Fed. R. Evid. 704(a). The exception to Rule 704(a) is Rule 704(b). It states:

> No expert witness testifying with respect to the mental state or condition of a defendant in a criminal case may state an opinion or inference as to whether the defendant did or did not have the mental state or condition constituting an element of the crime charged or of a defense thereto. Such ultimate issues are matters for the trier of fact alone.

Fed. R. Evid. 704(b).

According to the appellant, agent Jolley's testimony implied she had personal knowledge of Eller's mental state, with specific regard to his intent for possessing the firearm. The appellant argues this was an area the agent was not qualified to address, that her testimony unfairly impacted the jury, and that the district court erred in allowing it.

The exception to Rule 704(a) is widely regarded to concern the testimony of psychiatrists or other mental health professionals who may have a tendency to go beyond their medical expertise and address legal matters while unfairly swaying the jury. In *United States v. Lipscomb*, this Court noted that Rule 704(b) takes on a limited role when applied to law enforcement experts with regard to the actions of defendants. *United States v. Lipscomb*, 14 F.3d 1236, 1241 (7th Cir. 1994). In *United States v. Blount*, this court went as far to say that such expert testimony "should not be excluded . . . as long as it is made clear . . . that the opinion is based on the expert's knowledge of common criminal practices, and not on some special knowledge of the defendant's mental processes." *United States v. Blount*, 502 F.3d 674, 679 (7th Cir. 2007). See also *United States v. Glover*, 479 F.3d 511 (7th Cir. 2007); *United States v. Sanchez-Galvez*, 33 F.3d 829, 832 (7th Cir. 1994) ("[B]ecause the clandestine nature of narcotics trafficking is likely to be outside the knowledge of the average layman, law enforcement officers may testify as experts in order to assist the jury in understanding these transactions.").

It was made reasonably clear to the jury that agent Jolley was not familiar with Eller, and that she was not present during the search of his home or assigned to the investigation. Agent Jolley testified that her knowledge was based on common criminal practices, her experience, and her expert opinions. Accordingly, and in conformity with this Court's precedent, we do not find that the district court erred in allowing the expert testimony.

### III. CONCLUSION

For the reasons stated herein, we AFFIRM the conviction in favor of the plaintiff-appellee.