NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued March 5, 2013
Decided April 11, 2013

**Before**

RICHARD A. POSNER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 12-3000

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> *Plaintiff-Appellee,* <br><br> *v.* <br><br> SETH BRISSEY, <br> *Defendant-Appellant*. | Appeal from the United States District Court for the Southern District of Indiana, Terre Haute Division. <br><br> No. 11-CR-2 <br><br> Jane Magnus-Stinson, <br> *Judge*. |

**O R D E R**

A police officer walked up to a pickup truck parked in a parking lot and looked into the window; he saw Seth Brissey sleeping in the driver's seat, knocked on the window to wake him up, and asked him to roll the window down. Once awakened, Brissey ignored the request, made sudden movements, and attempted to grab for unidentified objects. Fearing for his safety, the officer ordered Brissey out of the pickup and noticed a pocketknife in his hand. The officer restrained him, patted him down, and discovered marijuana on him; a later search of the pickup revealed more drugs and a stolen pistol.

Brissey was charged as a felon in possession of a firearm. *See* 18 U.S.C. § 922(g). Before trial he moved to suppress the gun, arguing that the officer seized him and searched

the truck without reasonable suspicion, contrary to *Terry v. Ohio,* 392 U.S. 1 (1968). The district court denied the motion. Brissey pleaded guilty and was sentenced to 105 months' imprisonment. On appeal Brissey challenges the denial of the motion to suppress, a right he reserved in his plea agreement. We affirm the judgment. Brissey was not seized until he submitted to the officer's demand to exit the pickup, by which point he had given the officer reasonable fear for his safety, thereby justifying the pat-down and search.

In late 2010 Cory Hutchins of the Parke County Sheriff's Office in Indiana responded to a dispatcher's report about a suspicious vehicle parked at a church. There the officer saw a pickup truck, and though the record does not reveal why the truck was described as suspicious, Hutchins saw damage to its frame and thought that it must have been in an accident recently. Hutchins approached the driver's window and saw Brissey alone in the car, hunched over in the driver's seat and resting his head on the steering wheel. Hutchins knocked on the window, startling and waking Brissey. Hutchins then asked Brissey to roll the window down. Brissey instead "began making sudden movements inside the vehicle and appeared to grab for various items." Concerned for his safety, Hutchins directed Brissey to exit the truck and show his hands. Brissey ignored the order and "continued to make sudden movements as if hiding something or attempting to gain access to something." Hutchins repeated his order several times and in the meantime observed "several items" in Brissey's hands and a package of rolling papers fall from his coat. Hutchins opened the door to the truck—releasing a strong marijuana odor from inside—and Brissey finally stepped out, as ordered. Hutchins then noticed a pocketknife among the items in Brissey's hands. Hutchins placed Brissey against the side of the truck and directed him to drop the items. When Brissey refused, Hutchins forcibly removed the items and handcuffed Brissey. A pat-down search of Brissey's clothing revealed a lighter, $1,500 in cash, and a small bag of marijuana. A search of the truck revealed small bags of cocaine, methamphetamine, and Xanax, as well as a large bag of marijuana and a .25-caliber pistol, which recently had been reported stolen.

These facts are recounted in an undisputed affidavit from Hutchins, which the district court relied on in denying the motion to suppress evidence. The court reasoned that the encounter was consensual until Hutchins ordered Brissey to exit the pickup. At that point Brissey was seized, the court said, but the seizure was justified because Brissey's sudden movements and attempts to grab for something had given Hutchins reasonable concerns for his safety. Once Brissey refused to drop the pocketknife, the court further concluded, Hutchins was justified in taking the knife away from Brissey, patting him down, and handcuffing him. Finally, in addition to Hutchins's safety concerns, the strong smell of marijuana emanating from the pickup gave Hutchins probable cause to search it.

On appeal Brissey challenges the lawfulness of the officer's request that Brissey roll down his car window, disputing the district court's ruling that the encounter at that point was consensual. Brissey contends that a reasonable citizen would not have felt free to terminate the exchange when Hutchins woke Brissey and asked him to roll down his window. At that point, Brissey adds, Hutchins had no reason to fear for his safety, and therefore he lacked reason to order him out of the car and search him and the car. Accordingly, Brissey concludes, the evidence discovered after the search should be suppressed.

We begin by examining whether Hutchins "seized" Brissey when he asked Brissey to roll down the window and Brissey ignored the request; if there was no seizure at that point, the issue of consent is academic. A seizure occurs only "when the officer, by means of physical force or show of authority, has in some way restrained the liberty of a citizen." *Terry v. Ohio,* 392 U.S. 1, 19 n.16 (1968); *see United States v. Griffin,* 652 F.3d 793, 798 (7th Cir. 2011). Two conditions must occur: Not only must a reasonable citizen have felt unable to decline an officer's requests, *see Florida v. Bostick,* 501 U.S. 429, 435 (1991); *United States v. Mendenhall,* 446 U.S. 544, 554 (1980), but the citizen must have actually submitted. *California v. Hodari D,* 499 U.S. 621, 628 (1991); *United States v. Griffin,* 652 F.3d 793, 798 (7th Cir. 2011); *Christensen v. Cnty. of Boone, Ill.,* 483 F.3d 454, 460 (7th Cir. 2007). Here, the officer's request and Brissey's disregard demonstrate that neither of these two conditions was met.

We have repeatedly concluded that a reasonable person would feel free to terminate an encounter when officers approach a citizen sitting in a parked car and ask a few questions, as long as the officers do not flash their weapons, use physical force, use forceful language suggesting that compliance with the officers' request might be compelled, or prevent the citizen from driving away. *See, e.g., United States v. Whitaker,* 546 F.3d 902, 907–909 (7th Cir. 2008); *United States v. Clements,* 522 F.3d 790, 794–95 (7th Cir. 2008); *United States v. Douglass,* 467 F.3d 621, 623–24 (7th Cir. 2006); *United States v. Hendricks,* 319 F.3d 993, 1000–01 (7th Cir. 2003); *United States v. Packer,* 15 F.3d 654, 657 n.3 (7th Cir. 1994); *see also United States v. Taylor,* 511 F.3d 87, 91–92 (1st Cir. 2007); *United States v. Williams,* 413 F.3d 347, 352 (3d Cir. 2005). These cases reflect the well-established principle that law enforcement officers do not coerce citizens into complying with their requests simply by posing requests to them. *United States v. Drayton,* 536 U.S. 194, 200 (2002); *see Mendenhall,* 446 U.S. at 554. That is all that happened here: Hutchins walked up to the truck, looked inside, got Brissey's attention by knocking on the window, and asked him to roll the window down.

But even if, by rapping on the window, awakening Brissey, and asking Brissey to roll down his window, Hutchins showed enough authority that a reasonable person would have felt compelled to submit, the second condition for a seizure is absent: Brissey did not

actually submit. He did not "passively acquiesce" to Hutchins's request that he roll the window down. *See Brendlin v. California*, 551 U.S. 249, 255 (2007). Rather, he ignored the request, and he then grabbed for items within his reach inside the vehicle, thus showing that his movement within the car was unrestrained. *See Hodari D.*, 499 U.S. at 629; *Abbot v. Sangamon Cnty., Ill.*, No. 12-1121, 2013 WL 322920 (7th Cir. Jan. 29, 2013); *Griffin*, 652 F.3d at 798–801.

The seizure occurred moments later, though. When Hutchins ordered Brissey out of the pickup and Brissey complied, both conditions for a seizure were met because Hutchins gave Brissey no choice and Brissey submitted. *See United States v. Shoals*, 478 F.3d 850, 853 (7th Cir. 2007) (concluding that citizen not seized until he acquiesced to officers' command that he exit house); *United States v. Johnson*, 427 F.3d 1053, 1057 (7th Cir. 2005) (concluding that seizure occurred when citizen complied with officer's command to stop backing away from front door); *United States v. Jerez*, 108 F.3d 684, 692–93 (concluding that occupant of motel room seized when he complied with officers' order to open door). The question, therefore, is whether at the point that Brissey complied with Hutchins's order to exit the pickup there was a lawful basis to detain him and pat him down.

When Hutchins ordered Brissey out of the vehicle, he had reason to suspect that Brissey was dangerous and therefore could detain and frisk him. By that point, Brissey had made sudden, furtive movements inside the car, attempted to grab at unidentified objects that might put Hutchins at risk, and, after Brissey ignored the request to roll the window down, let rolling papers fall from his coat. This court has concluded that, when an occupant of a car makes suspicious movements, for example taking "an abnormally long time to comply with" officer requests and "having difficulty with something that the officer could not see," an officer has reasonable grounds to order the occupant to exit the vehicle and submit to a pat-down search. *United States v. Hendricks*, 319 F.3d 993, 1004 (7th Cir. 2003); *see also United States v. Evans*, 994 F.2d 317, 321 (7th Cir. 1993).

Brissey responds that Hutchins's observations did not give Hutchins reason to fear for his safety because when he ordered Brissey out of the truck, he had not yet seen the pocketknife. (Appellant's Br. at 7.) But an "officer need not be absolutely certain that an individual is armed; the issue is whether a reasonably prudent man in the circumstances would be warranted in the belief that his safety or that of others was in danger." *Terry*, 392 U.S. at 27; *see United States v. Snow*, 656 F.3d 498, 501 (7th Cir. 2011). Thus, the seizure and pat-down outside the truck, which revealed the pocket knife and marijuana, were valid.

Brissey does not challenge any of Hutchins's actions after ordering Brissey out of the truck. In particular, he does not dispute that if the knife and marijuana were lawfully discovered on him, they supplied the grounds to search the car, which revealed the firearm.

Accordingly, because the knife and marijuana were lawfully seized, Hutchins also lawfully discovered the firearm used to convict Brissey.

AFFIRMED.