NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 1, 2013
Decided October 1, 2013

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 12-3309

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Southern District of Indiana, Terre Haute Division. |
| *v.* | No. 2:10CR00002-001 |
| KILEB E. DENDERTH, *Defendant-Appellant.* | William T. Lawrence, *Judge.* |

**O R D E R**

Kileb Denderth, a federal inmate, attacked two prison employees during a medical exam. He was charged with two counts of assaulting a federal officer, 18 U.S.C. § 111(a), (b). The district court initially found that Denderth lacked competence to stand trial, but after he had received several months of treatment, the court accepted a psychologist's unchallenged assessment that he could understand the proceedings and assist in his defense. A jury found him guilty on both counts, and he was sentenced to a total of 120 months' imprisonment, to run consecutively with the sentence he already was serving. Denderth filed a notice of appeal, but his newly appointed lawyer

contends that all possible appellate claims are frivolous and seeks permission to withdraw under *Anders v. California*, 386 U.S. 738, 744 (1967). Denderth has not accepted our invitation to respond to counsel's motion. *See* CIR. R. 51(b). We confine our review to the potential issues identified in counsel's facially adequate brief. *See United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002).

We start with the possible claim that the jury lacked sufficient evidence to convict. Denderth never moved for a judgment of acquittal, *see* FED. R. CRIM. P. 29, so we would uphold his convictions unless he could establish that a miscarriage of justice would result. *E.g., United States v. Eller*, 670 F.3d 762, 765 (7th Cir. 2012). Denderth could not satisfy that onerous standard. For both counts of conviction, the government needed only to prove that Denderth forcibly assaulted and inflicted bodily injury on a Bureau of Prisons employee who was performing official duties. *See* 18 U.S.C. § 111(a), (b); *United States v. Walker*, 447 F.3d 999, 2001 n.2 (7th Cir. 2006); *United States v. Vallery*, 437 F.3d 626, 630 (7th Cir. 2006); *United States v. Jackson*, 310 F.3d 554, 556 (7th Cir. 2002). Both victims encountered Denderth while on duty in the prison infirmary, where one worked for the Bureau of Prisons as a physician's assistant and the other, as a doctor. Both recalled similar events: Denderth slapped and kicked the physician's assistant during an exam and then punched the doctor in the jaw when he came to his colleague's aid. Denderth testified and admitted striking the victims, and his blows caused both to experience pain from contusions. The doctor also suffered a broken tooth. *See United States v. Rivera-Alonzo,* 584 F.3d 829, 832, 835 (9th Cir. 2009); *United States v. Zabawa*, 719 F.3d 555, 558–59 (6th Cir. 2013); *United States v. Drapeau*, 644 F.3d 646, 650, 652 (8th Cir. 2011). We agree with counsel that a challenge to the sufficiency of this evidence would be frivolous.

Counsel also considers raising an appellate claim that the district court incorrectly found Denderth competent to stand trial. The court conducted a second competence hearing after receiving the report from the psychologist, and when asked on the record if he disagreed with the doctor's finding that he presently was competent, Denderth said that he did not. He also declined to offer evidence contradicting the psychologist's conclusions. *See* 18 U.S.C. § 4241(d), (e). A district court's finding of competence to stand trial is reviewed for clear error, *United States v. Ewing*, 494 F.3d 607, 622 (7th Cir. 2007), and given the uncontested evidence that treatment had restored Denderth's competence, it would be frivolous to challenge the determination on appeal, *see* 18 U.S.C. § 4241(d); *United States v. O'Neal*, 969 F.2d 512, 514 (7th Cir. 1992) (explaining that competence finding could not be clearly erroneous since defendant had declined opportunity to present evidence contradicting psychologist's report); *United*

*States v. Savage*, 505 F.3d 754, 759–60 (7th Cir. 2007) (giving significant weight to defense counsel's representations about competency and failure to challenge competency finding).

Moreover, we also agree with counsel's view that it would be frivolous to argue that the district court should have revisited its competence finding, sua sponte, when Denderth announced in the middle of trial that he wished to fire his lawyer and proceed pro se (he withdrew that request after a discussion with the court and his lawyer). A district court does have the discretion to order a competence hearing on its own motion if there is reasonable cause to believe that the defendant presently suffers from a mental disease or defect making him incompetent. 18 U.S.C. § 4241(a); *United States v. Alden*, 527 F.3d 653, 659 (7th Cir. 2008). But whether to do so is left to the judge's discretion, *Alden*, 527 F.3d at 659; *United States v. Clements*, 522 F.3d 790, 795 (7th Cir. 2008), and Denderth's short-lived demand to represent himself did not suggest that he could not understand the proceedings or assist with his defense, *see Clements*, 522 F.3d at 795; *Ewing*, 494 F.3d at 623.

Counsel also evaluates whether Denderth might argue that the district court abused its discretion by not appointing substitute counsel for Denderth or allowing him to represent himself. Yet the judge allowed Denderth to consult privately with his attorney and also personally explained the dangers of self-representation. Denderth acknowledged his understanding of the risks and, as we have noted, changed his mind and said he wished to continue with his lawyer. *See United States v. Oakey*, 853 F.2d 551, 553 (7th Cir. 1988); *United States v. Jones*, 938 F.2d 737, 742 (7th Cir. 1991) (explaining that demand to proceed pro se must be unequivocal).

Counsel next turns to Denderth's sentence. The district court calculated an imprisonment range of 120 to 150 months based on a total offense level of 26 and Category VI criminal history. Denderth's offense level included a 6-level upward adjustment because, the district court found, he had assaulted the physician's assistant on account of her status as a government employee. *See* U.S.S.G. § 3A1.2(a), (b). The court reasoned that Denderth had reacted to the questions posed by the physician's assistant, who was evaluating him as part of the intake procedures at the prison. Counsel questions whether Denderth could challenge this increase but concludes that an appellate claim would be frivolous. *See United States v. Williams*, 520 F.3d 414, 424 (5th Cir. 2008) (upholding application of 6-level increase where defendant, a prison inmate, had assaulted a guard whose pat-down search was, in his view, conducted inappropriately). Moreover, even if the district court erred in concluding that Denderth

was motivated by the victim's official status, that mistake was harmless because the 6-level increase under § 3A1.2(c) also would apply to his conduct. That increase applies when a defendant assaults a law enforcement officer or a prison official in a manner creating a substantial risk of serious bodily injury. Denderth knew the physician's assistant was authorized to act on behalf of the prison, and his repeated punches and kicks that caused her to fall to the ground and require medical treatment for bruising and contusions created a substantial risk of serious bodily injury. *See United States v. Alexander*, 712 F.3d 977, 978–79 (7th Cir. 2013) (upholding 6-level increase when defendant punched police officer one time in the head); *United States v. Hampton*, 628 F.3d 654, 657, 659–60 (4th Cir. 2010) (upholding 6-level increase when defendant's actions in resisting arrest caused injury to police officer's rotator cuff and shoulder ligament).

Counsel last proposes a possible argument that Denderth's prison sentence is unreasonable. The district court imposed a term of 120 months after considering the sentencing factors in 18 U.S.C. § 3553(a), including the nature and circumstances of the assaults and Denderth's personal history and characteristics, *see id.* § 3553(a)(1), (a)(2)(A), (B). We would presume this sentence to be reasonable, *see Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Aslan*, 644 F.3d 526, 531–32 (7th Cir. 2011), and we agree with counsel that the record presents no basis to set aside that presumption.

The motion to withdraw is **GRANTED**, and the appeal is **DISMISSED**.