NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 1, 2022
Decided April 8, 2022

**Before**

DIANE S. SYKES, *Chief Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

No. 21-1189

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Southern District of Indiana, Evansville Division. |
| *v.* | No. 3:18CR00063-001 |
| CAMERON M. KING, *Defendant-Appellant*. | Richard L. Young, *Judge*. |

## O R D E R

While Cameron King was on probation for a felony conviction, police officers stopped him for running a red light and discovered that he had a loaded pistol, baggies of cocaine, a scale, and more than $300 in cash. King pleaded guilty to unlawful possession of a firearm, 18 U.S.C. § 922(g), and a jury convicted him of possession with intent to distribute cocaine, 21 U.S.C. § 841(a)(1), and carrying a firearm during and in relation to a drug-trafficking crime, 18 U.S.C. § 924(c). The district judge sentenced King to 90 months in prison, a term consisting of a within-Guidelines sentence of 30 months

for unlawful possession of a firearm and cocaine and the statutory minimum sentence of 60 months for carrying a firearm during a drug-trafficking offense.

King appeals the outcome of his trial and his sentence. His appointed counsel, however, asserts that the appeal is frivolous and moves to withdraw. *See Anders v. California*, 386 U.S. 738 (1967). Counsel's brief explains the nature of the case and addresses potential issues that an appeal of this kind might involve. Because the analysis in counsel's brief appears thorough, we limit our review to the subjects she discusses and those that King raises in response. *See* 7TH CIR. R. 51(b); *United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014).

At the outset, counsel tells us that she consulted with King and confirmed that he does not wish to withdraw his guilty plea for unlawful possession of a firearm under § 922(g). Counsel thus properly omits discussion of any arguments related to the plea's validity. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 670–71 (7th Cir. 2002).

Counsel asks first whether King could plausibly argue that insufficient evidence supports his conviction for possession with intent to distribute cocaine, and she rightly concludes that he could not. At trial King moved for an acquittal under Rule 29 of the Federal Rules of Criminal Procedure, challenging only the firearms charge, not the drug charge. Thus, we would review any sufficiency challenge to the drug conviction for plain error, *United States v. Hosseini*, 679 F.3d 544, 550 (7th Cir. 2012), and through that lens we would reverse only "if the record is devoid of evidence pointing to guilt, or if the evidence on a key element of the offense was so tenuous that a conviction would be shocking," *United States v. Lundberg*, 990 F.3d 1087, 1095 (7th Cir. 2021) (quotation marks omitted). We agree with counsel that King could not reasonably argue that the record does not meet this standard: officer testimony, video evidence, and forensic analysis at trial revealed that when King was arrested, he carried nearly 11 grams of cocaine divided into baggies worth about $20, several $20 bills totaling more than $300, a scale, and a loaded handgun. An expert testified that this evidence was consistent with King being a "$20 rock distributor." On that record it would be frivolous to argue that the judgment on King's cocaine-trafficking conviction was plain error.

Counsel also discusses whether King could attack his conviction under § 924(c) for carrying a firearm in relation to a drug crime, and she rightly concludes that doing so would be pointless. First—as King concedes in his letter opposing counsel's withdrawal—a constitutional challenge to this offense would fail. In his motion for

acquittal, King preserved arguments that the language in § 924(c) prohibiting carrying a firearm "during and in relation to" a drug crime is impermissibly vague. But it would be hopeless to pursue this argument on appeal in light of our precedent rejecting this argument and holding that the challenged language is "clear and intelligible." *United States v. Eller*, 670 F.3d 762, 765 (7th Cir. 2012). Although the Supreme Court has ruled that other provisions of § 924 are impermissibly vague, it has not addressed § 924(c)(1)(A), under which King was convicted. *See United States v. Davis*, 139 S. Ct. 2319 (2019) (nullifying as impermissibly vague the residual clause of § 924(c)(3)(B)); *Johnson v. United States*, 576 U.S. 591 (2015) (same for § 924(e)(2)(B)). And no circuit has held the language in § 924(c)(1)(A) to be unconstitutional.

King contends in his letter opposing counsel's withdrawal that he could challenge the sufficiency of the evidence supporting his conviction under § 924(c), but we agree with counsel that doing so would be futile. We would reverse the judgment on this conviction as unsupported by sufficient evidence only if no rational factfinder could find King guilty based on the evidence at trial. *United States v. Shaffers*, 22 F.4th 655, 663 (7th Cir. 2022). At King's trial the government introduced evidence that he carried a loaded pistol and paraphernalia of a cocaine distributor: a scale, a large sum of cash, and baggies of cocaine measured for sale. An expert testified that drug distributors often carry a loaded pistol for protection. In the face of this evidence, it would be pointless for King to argue that a rational jury could not find him guilty. *See United States v. Stevens*, 380 F.3d 1021, 1027 (7th Cir. 2004) ("[I]f the drugs and gun are found in the same place[,] it is nearly an inescapable conclusion that they satisfy the in relation to prong of § 924(c)(1)." (quotation marks omitted)).

Counsel also rightly points out that King could not reasonably challenge this conviction on grounds that the government failed to prove both that he used and carried the firearm. Though the government charged King with "using and carrying" and a jury convicted him only of "carrying," the government can charge in the conjunctive and prove in the disjunctive. *Turner v. United States*, 396 U.S. 398, 420 (1970).

Counsel next considers whether King could reasonably argue that the COVID-19 protocols used during his trial violated his constitutional rights, but counsel is correct that King could not. During King's trial, the witnesses wore clear face shields when testifying. It would be fruitless to challenge these masks as inhibiting King's right to due process or to his Sixth Amendment right to confront the witnesses against him because the face shields allowed the jury and King to evaluate fully the witness's

demeanor and credibility while also minimizing health risks. *See Mattox v. United States*, 156 U.S. 237, 242–43 (1895); *Maryland v. Craig*, 497 U.S. 836, 844–45 (1990).

We also agree with counsel that it would be fruitless for King to contend that his sentence reflects procedural error. A judge procedurally errs by improperly calculating the advisory Guidelines range, failing to consider the factors under 18 U.S.C. § 3553(a), or inadequately explaining the chosen sentence. *United States v. Patel*, 921 F.3d 663, 670 (7th Cir. 2019). As counsel observes, King could not plausibly attack his sentence on any of these grounds. The judge rightly found that King's conviction under § 924(c)(1)(A) carried a 60-month statutory-minimum sentence. And as for King's other convictions, the judge properly grouped them for sentencing and calculated an offense level of 16, a criminal-history category III; and a Guidelines range of 27 to 33 months. The judge also relied on the sentencing factors under § 3553(a)—including the mitigating factors that King proffered (his youth, history of anxiety and depression, and supportive family)—and explained the 90-month sentence with reference to these § 3553(a) factors.

King responds that he could reasonably argue that his offense level of 16 is wrong because it did not include a reduction under U.S.S.G. § 3E1.1 for acceptance of responsibility. But we agree with counsel that King could not do so. In declining to apply the reduction, the judge explained that although King had pleaded guilty to one offense, the reduction was not warranted because while he awaited trial, King battered two correctional officers. It would be pointless to contend that the judge clearly erred in denying the reduction based on King's postarrest crimes. *See United States v. Edwards*, 836 F.3d 831, 838–39 (7th Cir. 2016) (finding no clear error in declining to apply a reduction where the defendant pleaded guilty but continued to offend).

Finally, counsel considers whether King could attack his 90-month prison sentence as substantively unreasonable but rightly concludes that this argument, too, would be doomed. King's 60-month sentence was the applicable statutory minimum, § 924(c), and it was required to run consecutive to King's 30-month sentence, a within-Guidelines term that we may presume is reasonable, *see Gall v. United States*, 552 U.S. 38, 51 (2007). Nothing in this record would disturb that presumption. The judge reasonably balanced King's arguments in mitigation against his history of firearm-related offenses, his commission of this offense while on probation for a similar crime, and his battery of two correctional officers before his trial. The judge thus permissibly concluded that 30 months in prison was proper.

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.